City of New York v Siemens Elec., LLC (2021 NY Slip Op 03405)





City of New York v Siemens Elec., LLC


2021 NY Slip Op 03405


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 104330/12 Appeal No. 13958 Case No. 2020-02477 

[*1]City of New York et al., Plaintiffs-Respondents-Appellants, Clifford Weiner, Plaintiff-Appellant-Respondent,
v
Siemens Electrical, LLC, formerly known as Schlesinger-Siemens Electrical, LLC, et al., Defendants.


Callagy Law, P.C., New York (Michael J. Smikun of counsel), for appellant-respondent.
James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered May 4, 2020, which granted the motion of former plaintiff/relator Clifford Weiner (relator) for a share of the settlement proceeds to the extent of awarding him a 20% share of the $1.5 million settlement under the New York False Claims Act (NY FCA), and otherwise denied the motion, unanimously affirmed, without costs.
The NY FCA provides that a relator is entitled to receive between 15% and 25% of the proceeds "recovered in the action or in settlement of the action" (State Finance Law § 190[6][a]). Thus, the plain language of this statute expressly limits relator's fee to a percentage of the recovery from the settlement of this action only, i.e., the $1.5 million that was previously upheld by this Court (Weiner v City of New York, 190 AD3d 517 [1st Dept 2021]). While relator asks this Court to apply a separate provision of the State Finance Law, which applies in situations where the Attorney General or local government "elect[s] to pursue" an "alternate civil remedy" to prosecute the false claims, this has no applicability here because the City intervened in this action by filing the superseding complaint (State Finance Law § 190[5][c]; see also United States ex rel. Barajas v United States, 258 F3d 1004, 1010 [9th Cir 2001]).
The court properly awarded relator 20% of the $1.5 million NY FCA settlement, or $300,000. A relator will receive between 15% and 25% of a NY FCA recovery where he or she contributed "substantially" to the prosecution of the action (State Finance Law § 190[6][a]). A 15% minimum share is "generally viewed as a finder's fee" (United States ex rel. Alderson v Quorum Health Group Inc., 171 F Supp 2d 1323, 1331 [MD Fla 2001]). In determining the exact percentage of the recovery, courts will analyze (1) the significance of the information provided, (2) the relator's contribution to the final outcome, and (3) whether the government previously knew such information (United States ex rel. Johnson-Pochardt v Rapid City Regional Hosp., 252 F Supp 2d 892, 897 [D SD 2003]).
Here, relator was entitled to an award above the 15% minimum. Relator did more than simply file the two qui tam complaints, having, among other things, submitted deposition testimony, documents, affidavits, and work product to various investigators and government entities. It is uncontested that relator uncovered the fraud in the first instance, and the City's assertions that relator was involved with the underlying fraud were not sufficiently supported. Relator was not entitled to the 25% maximum, however, particularly given his concessions that he was minimally involved in the case following the City's filing of the superseding complaint.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021